# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                 No. 5:17-CR-00594-WJ-1

STEPHEN JOSE DANIEL SANCHEZ JR. III,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE RELIEF PURSUANT TO SECOND CHANCE ACT

THIS MATTER comes before the Court upon Defendant's Motion for Sentence Relief Pursuant to Second Chance Act **(Doc. 53, filed 4/16/18)**. Having considered Defendant's Motion (Doc. 53) and the United States Probation Officer's Memorandum (Doc. 54), and the applicable law, the Court finds that Defendant's Motion is not well-taken and, therefore, is **DENIED.**

Pursuant to a plea agreement with the United States, Defendant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Doc. 45, filed 3/1/17. On June 6, 2017, this Court sentenced Defendant to 48 months' imprisonment in the custody of the Bureau of Prisons, with a period of 3 years' supervised release. Doc. 52, filed 6/7/17. This matter is now before the Court on Defendant's pro se Motion for Sentence Relief Pursuant to Second Chance Act, in which he requests that the Court order the Bureau of Prisons to transfer him to a residential re-entry center (half-way house) for the remainder of his sentence. Doc. 53, filed 4/16/18. The Court interprets this request as a motion to amend the judgment or, in the alternative, for a supplemental recommendation outside of the judgment for residential re-entry center placement. *See United States v. Reyes*, No. 02-40073-02, 2018 U.S. Dist. LEXIS

19684 (D. Kan. Feb. 7, 2018); *United States v. McMillon*, No. 15-40064-05, 2017 U.S. Dist. LEXIS 196463 (D. Kan. Nov. 30, 2017).

A "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted). 18 U.S.C. § 3582(c) provides "three avenues through which a court may modify a term of imprisonment once it has been imposed." *Id.* A court may modify a sentence that was imposed under § 3582(a): (1) "upon motion of the Director of the Bureau of Prisons;" (2) "to the extent otherwise expressly permitted by statute or by Rule 35[1] of the Federal Rules of Criminal Procedure;" and (3) in the case of a defendant who was sentenced according to a sentencing guideline range that "has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c); *Blackwell*, 81 F.3d at 947–48. As Defendant's request does not fit within these options, the Court does not have jurisdiction to amend his judgment. *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Although Defendant cites to the Second Chance Act for statutory support, the Act expressly does not authorize the Court to "require a sentence of imprisonment to be served in a community corrections facility." Second Chance Act of 2007, Pub. L. No. 110-199, § 251(b), 122 Stat. 657, 693 (2008); *see also* 18 U.S.C. § 3621(b) (regarding imprisonment of a convicted person).

The Court also will not, in the alternative, make a supplemental recommendation outside of the judgment concerning placement into a residential re-entry center during the term of imprisonment. The Court already imposed its recommended sentence at the sentencing hearing, during which the Court considered the factors described in 18 U.S.C. 3582(a). While the Court commends Mr. Sanchez for his successful completion of programs through the Bureau of

---

[1] Allowing a court to (a) correct a technical error within fourteen days of sentencing; (b) reduce a sentence to reflect substantial assistance on motion of the Government. Fed. R. Crim. P. 35.

2

Prisons, and for maintaining his strong community and family ties, these factors do not warrant the Court to make an additional recommendation. Furthermore, any recommendation from the Court is not binding on the Bureau of Prisons, which has implemented its own policies for determining whether and when it would be appropriate to release Defendant into a residential re-entry center to serve his remaining term of imprisonment. *See* Second Chance Act § 251(b); Pre-Release Community Confinement, 28 C.F.R. § 570.22 (2018).

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, Defendant's Motion for Sentence Relief Pursuant to Second Chance Act **(Doc. 53)** is **DENIED**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE